Kumal v. Garland

BIA
Zagzoug, IJ
A208 418 009

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-two.

PRESENT:
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

KUMAR KUMAL,
        *Petitioner*,

        v.                                                    20-1728
                                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:                 Khagendra Gharti-Chhetry, Esq.,
                                New York, NY.

FOR RESPONDENT:                 Brian Boynton, Acting Assistant
                                Attorney General; Sabatino F. Leo,
                                Assistant Director; Jaclyn G.

Hagner, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kumar Kumal, a native and citizen of Nepal, seeks review of a May 4, 2020, decision of the BIA affirming a May 3, 2018, decision of an Immigration Judge ("IJ") denying Kumal's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kumar Kumal*, No. A208 418 009 (B.I.A. May 4, 2020), *aff'g* No. A208 418 009 (Immig. Ct. N.Y. City May 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Hong Fei Gao v.*

2

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Kumal was not credible as to his claim that Maoists attacked and threatened him on account of his political

3

activities for the Nepali Congress Party. The IJ reasonably found Kumal's testimony evasive and vague, noting that he repeatedly claimed to have difficulty answering straightforward questions on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). Those findings are supported by the record and bolstered by the fact that Kumal's vague testimony that he knew his father belonged to the Nepali Congress Party but did not know anything about his political activities was inconsistent with his mother's letter and with his own affidavit, in which he indicated he had attended party meetings and assemblies with his father and that his father influenced his political activities. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Further, the agency did not err in relying on Kumal's vague testimony because the IJ and attorneys probed for details regarding the claims throughout his hearing. *See Jin Shui Qiu v. Ashcroft*,

4

329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details . . . ."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

The agency also reasonably relied on the inconsistency in Kumal's statements regarding his own political activities, his implausible testimony regarding his second encounter with Maoists, and his failure to initially reveal a Maoist attack on his mother and sister. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience"). Kumal did not provide compelling explanations for these discrepancies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

5

Given the demeanor, inconsistency, and implausibility findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Because "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach," *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976), we do not reach the agency's alternative findings regarding corroboration and burden of proof.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
